STATE, ex rel. COX, Relator, v. INDUSTRIAL COMMISSION OF OHIO, AND FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, (Hamilton Plant), Respondents.

Ohio Appeals, Second District, Franklin County.

No. 5392.   Decided September 20, 1956.

Rice, Rice & Rice, Hamilton, for relator.

C. William O'Neill, Atty. Genl., James L. Young, William E. Ryan, Asst. Atty. Genl., Columbus, for respondent, The Industrial Commission.

Taft, Stettinius & Hollister, Robert Tatgenhorst, of Counsel, Cincinnati, for respondent, Fisher Body Division, General Motors Corporation.

## OPINION

By MILLER, PJ.

This is an original action in mandamus wherein the relator is seeking an order commanding the respondent, the Industrial Commission of Ohio, to vacate its order of August 24, 1955, setting aside an order of the Dayton District Board of Claims entered on January 13, 1955, and in lieu thereof to reinstate, approve and affirm said order of the Dayton Board.

The record reveals that on December 12, 1951, the petitioner received certain personal injuries by accidental means while engaged in the course of his employment with the Fisher Body Division of the General Motors Corporation, a self-insurer; that he was allowed compensation on a temporary total basis up until March 4, 1952; that on February 27, 1953, he filed his application for permanent partial disability; that the same was referred by the respondent to the Dayton District Board which conducted several hearings and on January 13, 1955, approved the claim by making an order granting "a permanent partial award equal to 40% to be paid at the rate of $32.20 per week for a period of 100 weeks, for a total award of $3220.00."

Thereupon the employer seasonably filed an application for reconsideration, review or modification of the award, order or decision of the Board. The same came on for hearing before the Commission, which referred the matter to its legal section for a complete checkup and

recommendation. On August 24, 1955, the Commission entered the following order:

"This day, to wit, August 24, 1955, this claim coming on for hearing for consideration of the Commission upon employer's motion for reconsideration, filed February 2, 1955, together with other proof of record, upon consideration thereof, it is ordered that employer's application for reconsideration of the Dayton Board's finding of January 13, 1955, and filed herein on February 2, 1955, be granted; that the Board finding of January 13, 1955, be vacated, set aside and held for naught.

"It is now the finding of the Commission from medical proof of record claimant has suffered a disability equal to 22% of total disability provided in §4123.57(b) R. C., which is less than 25%, he therefore, has no right of election, but is deemed to have elected that compensation on account of partial disability shall be awarded under the provisions of §4123.57 (b) R. C.

"It is, therefore, ordered that claimant be granted a permanent partial award equal to 22%, to be paid at the rate of $32.20 per week for a period of 55 weeks, or total award of $1771.00, said award to begin as of December 10, 1953."

The record further discloses that in its examination the respondent did not limit the evidence to the record made before the Board in accordance with Rule 5 of the Commission but also referred the file to a Mr. Herbert Kelly "for the purpose of discussing this claim with Dr. Hauser, Hamilton, Ohio, to determine his opinion as to his report of 10% disability"; that Mr. Kelly obtained an affidavit from Dr. Hauser in which he attempted to explain and interpret further his testimony appearing in the record. This affidavit was filed with the Commission, considered by it, and became a part of its record. The affidavit appears to be prejudicial to the claimant for it tends to lower the extent of the total partial disability from 10% "low moderate degree," as claimed in the record before the Board, to a disability of only 10%. The term "low moderate degree" is one used in practice before the Commission to indicate a disability much greater than 10%. The question presented is whether the respondent acted contrary to law or grossly abused its discretion in issuing its order reducing the amount of compensation allowed to the petitioner. It is urged by his counsel that the respondent violated two of its own rules in so doing, to wit:

"Rule 4. Upon the filing of an application for reconsideration, review or modification of an award, order or decision of a Board of Claims, such application shall be reviewed by the Commission, or by a deputy designated by the Commission and, unless it appears that the award, order or decision of the Board of Claims is clearly against the weight of the evidence or contrary to law, the application shall be dismissed. If it appears that the award, order or decision of the Board of Claims is clearly against the weight of the evidence or contrary to law, the claim shall be referred for review and assigned for hearing before the Commission, and the claimant and employer and their representatives, if any, shall be notified by mail of the time and place of such hearing.

"Rule 5. In determining what action shall be taken with reference to an application for reconsideration, review or modification of an award, order or decision of a Board of Claims, only the evidence contained in the claim record at the time such award, order or decision was made by the Board will be considered."

These rules were adopted in accordance with the legislative mandate contained in §4123.32 R. C.

In State, ex rel. Kildow v. Industrial Commission, 128 Oh St 573, at page 580, the Court says:

"The General Assembly of the State of Ohio not only delegated rule-making power to the Industrial Commission, but in effect issued a mandate to the effect that it should make rules and regulations. * * *"

"We are not unmindful that reasonable rules promulgated by an administrative body under a valid grant from the Legislature have the force and effect of law. Under our ever-expanding program we will even go further and recognize that such rules are a part of the law of the state."

A more recent case announcing the same principle of law is State, ex rel. DeBoe v. Industrial Commission, 161 Oh St 67, syllabus, paragraph 1:

"Where by statutory authority an administrative agency such as the Industrial Commission promulgates rules and regulations governing its activities and procedure, such rules are valid and enforceable unless they are unreasonable or in conflict with statutory enactments covering the same subject matter."

In applying the facts in the case at bar to the aforesaid rules we are of the opinion that the respondent violated Rule 5 in admitting into the record the additional testimony of Dr. Hauser, which has been previously referred to. The order, therefore, was not issued in accordance with law. We have reviewed the medical testimony received by the Board and are of the further opinion that its decision is not against the manifest weight of the evidence. Neither is it contrary to law. Therefore, under Rule 4 the application for a review or modification of the award should have been dismissed, and failure of the respondent to so do constituted an abuse of discretion. An examination of the aforesaid testimony reveals that Dr. Spence, a member of the Commission's medical staff, fixed the permanent partial disability at 35%; that Dr. Elmer A. Klein, an orthopedic specialist, fixed the same at 45%, Dr. Moseley, another member of the Commission's medical staff, fixed it at 40% of total, and Dr. Hauser, who treated the petitioner for the injury, fixed the same at 10%—"low moderate degree." It is true that Doctors Spence, Klein and Moseley experienced some difficulty in fixing the degree of disability by reason of the fact that the petitioner had more recently received another injury in an automobile accident and their examination was made subsequent thereto. The injuries received in the latter accident were to a part of the body closely related to that in the industrial injury, but the parts were not identical. Dr. Hauser also had difficuly in testifying as to the permanent partial disability as he had not seen the claimant for several years prior to his testifying.

It was the province of the Board to weigh this testimony and under said Rule 4 the Commission could reverse or modify only if its finding was against the manifest weight of the evidence or contrary to law.

The writ will be allowed in accordance with the prayer of the petitioner.

HORNBECK and WISEMAN, JJ, concur.